UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOEL MEDINA,

      Petitioner,

    v.                           Case No.:  2:26-cv-01796-SPC-KRH

U.S DEPARTMENT OF
HOMELAND SECURITY *et al.*,

      Respondents,

                                /

## **OPINION AND ORDER**

Before the Court are petitioner Joel Medina's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 8).

Medina is a native of Cuba who was paroled into the United States in 2001.  In 2011, he was convicted of battery and assault, and an immigration judge ordered him removed to Cuba.  Immigration and Customs Enforcement ("ICE") detained him until August 25, 2011, when it released him on an order of supervision.  Medina was convicted of aggravated assault with a deadly weapon and trespass in 2014, criminal mischief in 2021, and trespass in 2025. On October 25, 2025, local law enforcement arrested Medina for aggravated assault with a deadly weapon, and ICE issued an immigration detainer.  The prosecutor dropped the assault charge, but Medina was convicted of improper exhibition of a firearm on March 2, 2026.  ICE then took custody of Medina, notified him it revoked his release under 8 C.F.R. § 241.13(i) because he

violated a condition of release, and conducted an informal interview. Medina argues his detention is unlawful because there is no significant likelihood of removal in the reasonably foreseeable future.

Even assuming there is no significant likelihood of removal in the reasonably foreseeable future, Medina's current detention is lawful. 8 C.F.R. § 241.13(i) allows ICE to revoke release when a noncitizen violates a condition of release. *See also Zadvydas v. Davis*, 533 U.S. 678, 700 (2001) (holding that a noncitizen released on conditions "may no doubt be returned to custody upon a violation of those conditions"). Medina violated a condition of his release by violating state criminal law. ICE complied with § 241.13(i) by providing Medina written notice of the reasons for revocation and an opportunity to address those reasons in an informal interview. Medina "may be continued in detention for an additional six months in order to effect [his] removal, if possible, and to effect the conditions under which [he] had been released." 8 C.F.R. § 241.13(i)(1). After that six-month period, Medina may request review of his detention by the HQPDU. *See* 8 C.F.R. § 241.13(j).

It appears ICE has thus far complied with the applicable regulation and afforded Medina the process he is due. His detention is lawful.

Accordingly, it is hereby

**ORDERED:**

Joel Medina Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

The Clerk is **DIRECTED** to terminate any pending motions and deadlines,

enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on June 12, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record